UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| IN RE: | § | |
| --- | --- | --- |
| | § | |
| FSI-TEXVAL, LLC | § | CASE NO. 11-11424-cag |
| | § | |
| (Debtor) | § | (Chapter 11) |

**DEBTOR'S RESPONSE TO WELLS FARGO BANK, N.A.'S MOTION TO LIFT STAY**

TO THE HONORABLE CRAIG A. GARGOTTA, UNITED STATES BANKRUPTCY JUDGE:

FSI-TexVal, LLC ("Debtor") files this its Response to Wells Fargo Bank, N.A.'s Motion to Lift Stay, as follows:

1. Debtor admits the allegations contained in paragraph 1.

2. Debtor admits the allegations contained in paragraph 2.

3. Debtor admits the allegations contained in paragraph 3.

4. With respect to paragraph 4, the Debtor admits the allegations contained in the first sentence, and the remainder represents argument of Wells Fargo.

5. Debtor denies the allegations contained in paragraph 5.

6. With respect to paragraph 6, Debtor refers the Court to the prior testimony for the best evidence of Mr. Hammoud's testimony, but does admit that the Debtor does intend to utilize the property for its own business, which is to be a Quick Lube service. Debtor denies there is no equity in the property.

1

7. Debtor denies the allegations contained in paragraph 7 that this case meets the standards set forth in *Little Creek*, but admits that the Court set a hearing on the U.S. Trustee's Motion to Dismiss for September 12, 2011. Debtor denies this is a single asset case.

8. Debtor admits the allegations contained in paragraph 8.

9. With respect to paragraph 9, Debtor admits that Mr. Hammoud is the representative of the Debtor, for a 2004 Examination on August 2, 2011. Mr. Hammoud's testimony is as set forth in the transcript of that examination, and certain of the allegations made by Movant are incorrect or taken out of context. Debtor admits that it does not have an appraisal on the property, that the taxes assessed value of the property is in excess of $500,000. The Debtor denies that the property is not insured. The Debtor admits that it does not list any executory contracts on its schedules, that it has not paid the matured loan to Wells Fargo, denies that the real property taxes have not been paid, and admits that the case was filed without a bankruptcy attorney initially, but otherwise denies the allegations.

10. Debtor is not required to admit the allegations contained in paragraph 10.

11. Debtor admits the allegations contained in paragraph 11.

12. Debtor admits the allegations contained in paragraph 12.

13. Debtor admits the allegations contained in paragraph 13.

14. Debtor admits the allegations contained in paragraph 14.

15. Debtor admits the allegations contained in paragraph 15.

16. Debtor admits the allegations contained in paragraph 16.

17. Debtor admits the allegations contained in paragraph 17.

18. With respect to paragraph 18, Debtor cannot admit or deny the exact amount which is owed under the Note.

19. With respect to paragraph 19, Debtor admits that Property Tax Solutions holds a secure claim on the property in the amount of $45,023, but is without sufficient information to admit or deny the total amount of the debt on the property.

20. Debtor admits that Wells Fargo apparently has an appraisal on the property dated March 30, 2011, but denies that the appraised value is accurate.

21. With respect to paragraphs 21 – 27, such matters constitute legal argument which the Debtor need not admit or deny. The Debtor specifically denies that it is a single asset real estate debtor, denies that there is no equity in the property, denies that the property is not necessary for an effective reorganization, and denies that cause exists to terminate the automatic stay, that the property is ensured and not declining in value, and the Debtor is attempting to reorganize and develop the Quick Lube franchise on the Debtor's property.

WHEREFORE, based on the foregoing, the Debtor requests the Court deny the Motion to Lift Stay, and that it have such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

HOHMANN, TAUBE & SUMMERS, LLP
100 Congress Avenue, 18th Floor
Austin, Texas 78701
Telephone: 512/472-5997
Telecopier: 512/472-5248


By: /s/ Mark C. Taylor
    Mark C. Taylor
    State Bar No. 19713225

ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing N has been served upon those parties receiving the Court's ECF e-mail notification on this 21st day of September, 2011.

/s/ Mark C. Taylor
Mark C. Taylor

4
00104465.000.DOCX